UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                        Case No. 16-72983 (reg)

DOUGLAS L. MEYER and MARY V. MEYER
aka MARY G. MEYER,

                                        Debtors.
-----------------------------------------------------------------x
BISSETT NURSERY CORP.,

                                 Plaintiff,    Adv. Proc. No. 16-08161 (reg)

vs.

DOUGLAS L. MEYER and MARY V. MEYER,

                                 Defendants.
-----------------------------------------------------------------x

## MEMORANDUM DECISION AFTER REMAND AND TRIAL

       Bissett Nursery Corporation ("Plaintiff") commenced this adversary proceeding seeking to deny the discharge of Douglas L. Meyer ("Mr. Meyer") and Mary V. Meyer ("Mrs. Meyer") (collectively the "Debtors") pursuant to 11 U.S.C. § 727(a)(6)(A) for failure to comply with Fed. R. Bankr. P. 2004 requests as ordered by the Court ("2004 Order").  After a trial, the Court issued a Memorandum Decision and Order denying the discharge of the Debtors, from which Mrs. Meyer appealed.  By Memorandum and Order dated September 4, 2019, the District Court for the Eastern District of New York vacated the order denying Mrs. Meyer's discharge, and remanded the matter with instructions to reopen the proceedings to allow the Plaintiff to elicit Mrs. Meyer's testimony regarding her involvement with the destruction of documents responsive to the 2004 Order.  Based on Mrs. Meyer's testimony and for the reasons set forth below, judgment shall be entered dismissing the complaint as to Mrs. Meyer.

**Facts**

On July 2, 2016, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. According to their joint petition, each held a 50% interest in three defunct landscaping businesses. The Plaintiff is a creditor of one of the businesses, which debt was guaranteed by Mr. Meyer. During the bankruptcy proceedings, the Plaintiff obtained the 2004 Order which directed the Debtors to produce a wide variety of documents, including documents concerning the Debtors' business entities. In response, the Debtors only produced their personal income tax returns from January 2010 to the date of the response.

On October 27, 2016, the Plaintiff filed this adversary proceeding objecting to the Debtors' discharge under 11 U.S.C. section 727(a)(6)(A) for failure to comply with the 2004 Order. Issue was joined and a trial was held on January 23, 2018. Prior to the trial, the Debtors turned over additional business records in compliance with the 2004 Order. At the trial, Mr. Meyer produced additional financial records for the Debtors and their jointly owned businesses, and he acknowledged that he did not fully comply with the 2004 Order. Mr. Meyer also testified that he shredded business records responsive to the 2004 Order some time in April 2016. Mrs. Meyer did not testify at the trial, and the Debtors called no witnesses.

This Court issued a Decision After Trial ("Bankruptcy Court Decision") dated April 9, 2018, pursuant to which the Debtors' discharge was denied under section 727(a)(3). On May 16, 2018 Mrs. Meyer appealed the Bankruptcy Court Decision, and by Memorandum and Order ("District Court Decision") dated September 4, 2019, the District Court for the Eastern District of New York vacated the Bankruptcy Court Decision with respect to Mrs. Meyer, finding that

this Court "correctly acknowledged that there was no evidence that [Mrs. Meyer] had anything to do with the shredding, but incorrectly assigned to her the burden of disproving her involvement." *Meyer v. Bissett Nursery Corp.*, Case No. 2:18-CV-2955 (FB), 2019 WL 4194274 (Bankr. E.D.N.Y. Sep. 4, 2019) at *3 - 4. The District Court also remanded the matter "with instructions to reopen the proceedings to allow [the Plaintiff], if it so chooses, to elicit [Mrs. Meyer's] testimony or any other evidence relevant to the issue." *Id*. at *4.

On December 2, 2019, the Court held an evidentiary hearing regarding Mrs. Meyer, where she testified regarding her role in the shredding of business records.  Mrs. Meyer testified that she was aware of the 2004 Order and that her husband looked for the documents responsive to the 2004 Order. (Tr. at p. 6). She also testified that although she had a 50% interest in the three defunct landscaping businesses, she was not involved with the operations or management of these businesses and did not give instructions to the office manager regarding these businesses. (Tr. at p. 7). According to Mrs. Meyer's testimony, she was served with the summons and complaint for this adversary proceeding but she gave it to her husband for him to analyze. (Tr. at p. 11). She consistently maintained that she had no knowledge of the shredding of documents at the time of the shredding, nor did she participate in the shredding of documents.

## Discussion

Pursuant to Section 727(a)(6)(A)

The court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—
(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify.

Under § 727(a)(6)(A), the plaintiff has the initial burden to prove that the court issued an order and that the debtor refused to obey that order. *Hirsch v. Hirsch* (*In re Hirsch)*, Adv. Pro. No.

07–01139–dem, 2009 WL 3297278, at *6 (Bankr. E.D.N.Y. Oct. 13, 2009).  "[O]nce a plaintiff has shown that the debtor violated a court order, the burden shifts to the debtor to either justify the violation or prove that the violation did not in fact occur."  *In re Sofer*, 519 B.R. 28, 35 (Bankr. E.D.N.Y. 2014).   As Judge Block discussed in the District Court Decision, the burden of persuasion stays with the plaintiff.  *Meyer v. Bissett Nursery Corp.*, 2019 WL 419274 at *3.  Judge Block concluded that this Court committed reversible error in finding that Mrs. Meyer had the burden of establishing that she played no role in the shredding.  According to Judge Block, Mr. Meyer's testimony was sufficient to satisfy Mrs. Meyer's burden to justify her noncompliance.  *Id*.  In making this finding, Judge Block relied on the case *In re Gardner*, 384 B.R. 654 (Bankr. S.D.NY. 2008), in which the court found that an inadvertent failure to produce documents pursuant to a request did not equate to an intentional refusal to comply with a court directive.  *Id*. at 670.

     Upon remand of the matter, the Plaintiff sought to take the testimony of Mrs. Meyer.  The Court held an evidentiary hearing, at which Mrs. Meyer testified that she had nothing to do with the shredding of documents.  Mrs. Meyer also testified that she had no direct role in the landscaping businesses that maintained the documents sought by the Plaintiffs.  Based on Mrs. Meyer's testimony, the Court finds that the Plaintiff has not sustained its burden of proof to establish that Mrs. Meyer's failure to produce the documents in question constituted an intentional refusal to comply with the 2004 Order.  Based on her testimony, Mrs. Meyer did not intentionally fail to comply with a directive of the Court.  Her lack of involvement in the companies and the destruction of the business records by Mr. Meyer precludes this Court from denying her discharge.

**Conclusion**

For the reasons set forth above, the Plaintiff's complaint against Mrs. Meyer is dismissed in its entirety. The Court shall enter a judgment consistent with this Memorandum Decision forthwith.



Dated: Central Islip, New York
July 9, 2020

Robert E. Grossman
United States Bankruptcy Judge